# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD KING,** | **CASE NO. 2:06-cv-621** |
| | **JUDGE FROST** |
| Petitioner, | **MAGISTRATE JUDGE ABEL** |
| v. | |
| **JEFFREY WOLFE, WARDEN,** | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's request for a stay, and the exhibits of the parties. This action involves petitioner's convictions after a jury trial in the Muskingum County Court of Common Pleas on sixty-two counts of pandering obscenity involving a minor. Petitioner was sentenced to thirty-six and one half years incarceration. Petitioner apparently still has pending in the state Court of Appeals a petition for post conviction relief and an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). Additionally, it appears that he may file a motion for delayed appeal with the Ohio Supreme Court. Respondent requests dismissal of the instant habeas corpus petition as unexhausted; however, petitioner has requested a stay of proceedings. For the reasons that follow, the Magistrate Judge concludes that a stay of proceedings is not warranted since it does not appear that the statute of limitations will foreclose petitioner from re-filing his habeas corpus petition after he has exhausted his state court remedies. The Magistrate Judge therefore **RECOMMENDS** that petitioner's request for a stay, Doc. No. 5, be **DENIED** and that this action be **DISMISSED** without prejudice as

unexhausted.

# I. PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant was indicted on one count of pandering obscenity involving a minor, a felony of the second degree, in violation of Ohio Revised Code 2907.321(A)(1) and sixty-one counts of pandering obscenity involving a minor, a felony of the third degree, in violation of Ohio Revised Code Section 2907.321(A)(5). Appellant pled not guilty to all counts contained in the indictment. On January 24, 2005, the state filed a motion to amend the indictment. The trial court granted the motion and amended counts two through sixty-two of the indictment to felonies of the fourth degree.
>
> At trial in this matter, Detective John Chapman of the Clinton County Sheriff's office testified, while working undercover online, an individual under the screen name BigD2000 contacted him via instant messenger and sent him a sexually explicit photograph of a juvenile. Detective Chapman testified as to the list of email addresses which originated with an email from the screen name Daddy2youngun. He further testified, it was determined the screen name for Daddy2youngun was an account under the name of Ashley Lancaster, 1841 Ridge Avenue, Zanesville, Ohio, appellant's wife.
>
> Detective Randy Richason of the Zanesville Police Department testified he obtained a search warrant and seized the computer, some floppy disks and CDs from the residence
>
> Special Agent William Brown, of the Social Security Administration, testified he found explicit images of juveniles on the computer's hard drive, floppy discs and CDs near the computer in the residence.
>
> Further, Police Officer Larry Brockelhurst, testified concerning appellant's prior conviction in 1997 for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor. Appellant objected to the testimony. The objection was overruled, and the trial court gave a limiting instruction to the jury
>
> Following the conclusion of evidence, the jury found appellant guilty

> on sixty-one counts of the indictment, as noted supra.
>
> On February 28, 2005, the trial court conducted a classification hearing finding appellant a sexual predator and a habitual sex offender. The trial court sentenced appellant to prison, including maximum and consecutive sentences.
>
> Appellant timely appealed his conviction, sexual predator classification and sentence.
>
> By Judgment Entry and Opinion dated January 19, 2006, this Court affirmed the trial court's actions as to the errors raised in assignments I, II and III but remanded with instructions as to assignment of error IV which alleged error in sentencing.

*State v. King*, 2006 WL 3614754 (Ohio App. 5 Dist. November 13, 2006).  Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court.  He raised the following propositions of law:

> 1. Defendant-appellant has been denied his constitutional right to a fair and fundamental jury trial, has been denied due process of law and equal protection of law.
>
> 2. Defendant-appellant that has been deprived his constitutional right of effective assistance of trial and appellate counsel has been deprived of his constitutional rights of due process of law and equal protection of law.
>
> 3. A defendant who is convicted on evidence that was illegally seized in a warrantless search has been denied the equal protection of law and due process of law.
>
> 5. Defendant-appellant has been deprived of his constitutional rights of due process of law and equal protection of law for a fair and fundamental appeal.

Exhibit I to Return of Writ.  On May 24, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  *State v. King*, 109 Ohio St.3d 1482 (2006); Exhibit K to Return of Writ.

3

On March 8, 2006, the trial court re-sentenced petitioner to thirty-six and one half years incarceration. Exhibit F to Return of Writ. Petitioner filed a timely appeal of his sentence. He asserted the following assignment of error:

> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND HIS RIGHT TO DUE COURSE OF LAW UNDER ARTICLE I. § 16 OF THE OHIO CONSTITUTION WHEN IT SENTENCED HIM CONTRARY TO THE OHIO REVISED CODE § 2929.11(B) WHICH REQUIRES THAT THE SENTENCE IMPOSED FOR A FELONY BE "CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES BY SIMILAR OFFENDERS.

*State v. King, supra*, 2006 WL 3614754.[1] On November 13, 2006, the appellate court affirmed petitioner's sentence. *Id*. It does not appear that petitioner ever filed an appeal of the appellate court's decision to the Ohio Supreme Court.

Additionally, on October 20, 2005, petitioner filed a petition for post conviction relief with the state trial court. He asserted the following claims:

> 1. Violation of the Fourth Amendment due to evidence illegally obtained by police.
>
> 2. Violation of the Fifth Amendment because petitioner was forced to testify on his own behalf.
>
> 3. Ineffective assistance of counsel due to attorney's failure to present a proper defense.

---

[1] Respondent states that petitioner's appeal was dismissed for want of prosecution, and that King did not appeal to the Ohio Supreme Court. *Return of Writ*, at 3; Exhibits G and H to Return of Writ.

> 4. Denied due process due to prosecutor's failure to comply with discovery rules.

Exhibit L to Return of Writ. On March 6, 2006, the trial court denied petitioner's post conviction petition. Exhibit N to Return of Writ. Represented by new counsel, petitioner filed a timely appeal of the trial court's decision to the state appellate court. He raised the following assignment of error:

> The trial court committed prejudicial error and violated appellant's rights to due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and his right to due course of law under Article I §16 of the Ohio Constitution when it sentenced him contrary to the Ohio Revised Code §2929.11(B) which requires that the sentence imposed for a felony be "consistent with sentences imposed for similar crimes committed by similar offenders."

Exhibit P to Return of Writ. On July 7, 2006, petitioner filed a *pro se* supplemental brief; however, his brief was stricken by the state appellate court. Exhibits R and S to Return of Writ. Petitioner's post conviction petition is apparently still pending in the state appellate court.

On July 7, 2006, petitioner also filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). He asserted the following assignments of error:

> 1. Appellant was deprived of his right to effective assistance of appellate counsel.
>
> 2. Appellant was denied his constitutional right to a fair and fundamental jury trial, has been deprived due process of law and equal protection of law.
>
> 3. Appellant was convicted on evidence that was illegally seized in a warrantless search, denying him equal protection of law and due process.
>
> 4. Appellant was denied his constitutional right to effective assistance

5

of trial counsel.

5. Appellant was denied the right to confrontation as guaranteed by the Sixth Amendment of the United States Constitution when the State solicited testimonial hearsay testimony.

Exhibit T to Return of Writ. Apparently this action is still pending in the state appellate court.

On July 21, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1. The State failed to offer sufficient evidence to prove beyond a reasonable doubt that appellant is guilty of the crimes charged.

2. The State elicited hearsay testimony from its witnesses that violated appellant's confrontation rights.

3. King was denied his right to effective assistance of trial counsel.

4. The trial court allowed testimony of King's prior conviction and interview with police officers.

5. Prosecutorial misconduct.

6. The trial court erred and sentenced King to maximum and consecutive sentences in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

7. The trial court erred in classifying King a sexual predator and habitual offender.

8. King was denied a fair and fundamental jury trial.

      9. King was denied the effective assistance of appellate counsel.

It is the position of the respondent that this action must be dismissed as unexhausted. Petitioner, however, has requested a stay of proceedings pending exhaustion.

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

      The parties agree that petitioner's claims are unexhausted, as he has presented the same claims raised herein in his Rule 26(B) application, and in his petition for post conviction relief, which actions remain pending in the state appellate court. Respondent states that oral argument was scheduled on petitioner's post conviction petition on October 19, 2006. Further, it appears that petitioner still may file a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II Section 2(A)(4)(a) from the appellate court's November 13, 2006, decision affirming petitioner's sentence.

In *Rhines v. Weber,* 544 U.S. 269 (2005), the United States Supreme Court recognized a District Court's authority to stay proceedings in federal habeas corpus proceedings, rather than dismiss such actions as unexhausted. However, it does not appear that the statute of limitations has yet begun to run, or that the one-year limitations period under 28 U.S.C. §2244(d) will necessarily bar petitioner from re-filing his habeas corpus petition after exhausting state court remedies, should this Court dismiss the petition in its entirety rather than stay proceedings pending exhaustion. Petitioner's conviction in this case did not become final until December 28, 2006, forty-five days after the Fifth District Court of Appeals' affirmed petitioner's sentence, on November 13, 2006, when the time period expired to file a timely appeal to the Ohio Supreme Court.[2] *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.2001); Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a). Further, it appears that petitioner's pending post conviction petition and Rule 26(B) litigation in the state courts will further toll the running of the statute of limitations.28 U.S.C. §2244(d)(2). Therefore, it does not appear that a stay of proceedings pending petitioner's exhaustion of state court remedies is appropriate. *See Rhines v. Weber,* 125 S.Ct. 1528, 1534 (2005); *Palmer v. Carlton ,* 276 F.3d 777, 781 (6th Cir.2002).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

---

[2] Even assuming that petitioner's judgment of conviction became final as to some claims on August 27, 2006, or ninety days after the Ohio Supreme Court's May 24, 2006, dismissal of petitioner's appeal, it still does not appear that the statute of limitations would necessarily bar any re-filing of the instant habeas corpus petition after consideration of the tolling provision of 28 U.S.C. 2244(d)(2).

8

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and  Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


                                                        s/Mark R. Abel  
                                                        United States Magistrate Judge