IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD KING,                          CASE NO. 2:06-cv-621
                                       JUDGE FROST
      Petitioner,               MAGISTRATE JUDGE ABEL

v.

JEFFREY WOLFE, WARDEN,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition,

respondent's return of writ and supplemental return of writ, petitioner's reply, and the

exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS**

that this action be **DISMISSED**.

## I.  FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural

history of this case as follows:

> Appellant was indicted on one count of pandering obscenity
> involving a minor, a felony of the second degree, in violation
> of Ohio Revised Code 2907.321(A)(1) and sixty-one counts of
> pandering obscenity involving a minor, a felony of the third
> degree, in violation of Ohio Revised Code Section
> 2907.321(A)(5).  Appellant pled not guilty to all counts
> contained in the indictment. On January 24, 2005, the state filed
> a motion to amend the indictment. The trial court granted the
> motion and amended counts two through sixty-two of the
> indictment to felonies of the fourth degree.

At trial in this matter, Detective John Chapman of the Clinton County Sheriff's office testified, while working undercover online, an individual under the screen name BigD2000 contacted him via instant messenger and sent him a sexually explicit photograph of a juvenile. Detective Chapman testified as to the list of email addresses which originated with an email from the screen name Daddy2youngun. He further testified, it was determined the screen name for Daddy2youngun was an account under the name of Ashley Lancaster, 1841 Ridge Avenue, Zanesville, Ohio, appellant's wife.

Detective Randy Richardson of the Zanesville Police Department testified he obtained a search warrant and seized the computer, some floppy disks and CDs from the residence

Special Agent William Brown, of the Social Security Administration, testified he found explicit images of juveniles on the computer's hard drive, floppy discs and CDs near the computer in the residence.

Further, Police Officer Larry Brockelhurst, testified concerning appellant's prior conviction in 1997 for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor. Appellant objected to the testimony. The objection was overruled, and the trial court gave a limiting instruction to the jury

Following the conclusion of evidence, the jury found appellant guilty on sixty-one counts of the indictment, as noted supra.

On February 28, 2005, the trial court conducted a classification hearing finding appellant a sexual predator and a habitual sex offender. The trial court sentenced appellant to prison, including maximum and consecutive sentences.

*State v. King*, 2006 WL 163561 (Ohio App. 5th Dist. January 19, 2006). Represented by new counsel, petitioner filed a timely appeal. He asserted the following assignments of error:

I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW, AS (1) THE

2

PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE
TO PROVE BEYOND A REASONABLE DOUBT THAT MR.
KING WAS GUILTY OF THE CRIMES CHARGED AND (2)
BY FINDING MR. KING GUILTY, AS THE VERDICTS FOR
THE CHARGES WERE AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE.

II. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY
CONCERNING MR. KING'S PRIOR CONVICTION AND
CORRESPONDING INTERVIEW WITH A POLICE OFFICER.

III. THE TRIAL COURT ERRED IN CLASSIFYING MR. KING
AS A SEXUAL PREDATOR / HABITUAL SEXUAL
OFFENDER.

IV. THE TRIAL COURT ERRED IN SENTENCING MR. KING
TO MAXIMUM CONSECUTIVE SENTENCES.

*See id.*  On January 19, 2006, the appellate court sustained petitioner's fourth assignment

of error and remanded the case to the trial court for re-sentencing, but otherwise affirmed

petitioner's convictions and sentence.  *See id.*  Petitioner filed a timely *pro se* appeal to the

Ohio Supreme Court; however, on May 24, 2006, the Ohio Supreme Court denied leave to

appeal and dismissed the appeal as not involving any substantial constitutional question.

*State v. King,* 109 Ohio St.3d 1482 (2006); *Exhibit K to Return of Writ.*

On March 6, 2006, the trial court re-sentenced petitioner to 36 ½ years incarceration.

*Exhibit F to Return of Writ.*  Petitioner again filed an appeal, asserting the following

assignment of error:

I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS
OF LAW UNDER THE FIFTH AND FOURTEENTH
AMENDMENTS TO THE U.S. CONSTITUTION AND HIS
RIGHT TO DUE COURSE OF LAW UNDER ARTICLE I. § 16

OF THE OHIO CONSTITUTION WHEN IT SENTENCED HIM CONTRARY TO THE OHIO REVISED CODE § 2929.11(B) WHICH REQUIRES THAT THE SENTENCE IMPOSED FOR A FELONY BE "CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES BY SIMILAR OFFENDERS.

*State v. King*, 2006 WL 3614754 (Ohio App. 5th Dist. November 13, 2006). On November 13, 2006, the appellate court affirmed the judgment of the trial court. *See id.* Petitioner did not timely appeal; however, on March 28, 2007, the Ohio Supreme Court granted petitioner's motion for delayed appeal. *State v. King*, 113 Ohio St.3d 1439 (2007). Thereafter, on August 29, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal. *State v. King*, 114 Ohio St.3d 1508 (2007).

Petitioner also pursued a post conviction relief.

> [O]n October 20, 2005, appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" pursuant to R.C. 2953.21. Appellant, in his petition, alleged that his constitutional rights were violated when evidence was illegally obtained from appellant's computer, floppy disks and CDs without a warrant and that his constitutional rights were violated when he was forced to take the witness stand in his own defense after the State brought in appellant's prior conviction from 1997 and an interview he had with Detective Larry Brockelhurst in 1997. Appellant, in his petition, also alleged that he received ineffective assistance of trial counsel. Appellant specifically contended that his trial counsel was ineffective in failing to investigate and that had he properly investigated, trial counsel would have found that the search warrants issued in this case were void and that any evidence obtained from the searches was illegally obtained. Appellant contended that his trial counsel should have filed a Motion to Suppress on such basis. Appellant also argued that if trial counsel had properly investigated, he would have requested that an expert be appointed "for the defense for the potential

4

rebuttal of any of the states (sic) witnesses." Finally, appellant, in his petition, alleged that his right to due process was violated because the prosecution failed to provide him with all evidence, statements, and potential witnesses. Appellant noted that four days prior to trial, the State had "filed a motion to add witnesses and the disclosure of appellant's prior conviction [in 1997] and interview with police during the investigation of his prior conviction."

A hearing on appellant's petition was held on March 6, 2006. At the hearing, at which appellant represented himself, appellant argued that the evidence obtained from his computer was illegally obtained since there was not a valid search warrant prior to the search of his computer and disks. He further argued that his trial counsel was ineffective in failing to conduct an investigation that, appellant contended, would have revealed that the search warrant did not authorize any search of his computer or disks.

As memorialized in a Decision filed on March 6, 2006, the trial court denied appellant's Petition for Post-Conviction Relief.

*State v. King*, 2007 WL 1652011 (Ohio App. 5th Dist. May 30, 2007). Petitioner filed a timely

appeal, in which he raised the following assignments of error:

I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT THE RIGHT OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW IN CONTRAVENTION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AS IT DENIED APPELLANT COUNSEL IN HIS POST-CONVICTION EVIDENTIARY HEARING.

II. THE APPELLANT WAS DEPRIVED [OF] DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW WHEN DEFENDANT WAS CONVICTED WITH EVIDENCE THAT WAS ILLEGALLY OBTAINED IN A WARRANTLESS SEARCH, IN VIOLATION OF THE UNITED STATES CONSTITUTION AMENDMENT FOURTH AND FOURTEENTH, AND OHIO CONSTITUTION ARTICLE I, SECTION 10 AND 14.

5

> III. APPELLANT WAS DEPRIVED OF HIS
> CONSTITUTIONAL RIGHT OF EFFECTIVE ASSISTANCE OF
> COUNSEL, THEREBY DEPRIVING APPELLANT OF DUE
> PROCESS OF LAW, AND EQUAL PROTECTION OF LAW.
> UNITED SATES CONSTITUTION AMENDMENT(S) VI AND
> XIV, AND OHIO CONSTITUTION ARTICLE I, SECTION 10.
>
> IV. APPELLANT WAS DEPRIVED [OF] HIS
> CONSTITUTIONAL RIGHT OF DUE PROCESS OF LAW,
> AND EQUAL PROTECTION OF LAW IN VIOLATION OF
> THE UNITED STATES CONSTITUTION AMENDMENTS V,
> VI, XIV AS THE PROSECUTION FAILED TO PROVIDE
> DEFENSE WITH ALL EVIDENCE, STATEMENT, AND
> WITNESSES IN DISCOVERY.

*See id.* On May 30, 2007, the appellate court affirmed the judgment of the trial court. *See*

*id.* Petitioner never filed an appeal to the Ohio Supreme Court.

On July 7, 2006, petitioner also filed an application to reopen the appeal pursuant

to Ohio Appellate Rule 26(B). He raised the following assignments of error:

> 1. Appellant was deprived [of] his right to effective assistance
> of appellate counsel in contravention of [the] Sixth and
> Fourteenth Amendment[s] to the United States Constitution,
> and Section(s) 10 and 16, Article I of the Ohio Constitution.
>
> 2. Appellant was denied his constitutional right to a fair and
> fundamental jury trial, has been deprived due process of law
> and equal protection of law. U.S.C.A. Constitutional
> Amendment(s) V, VI, XIV, and Article I, Section(s) 1, 10, 16 of
> the Ohio Constitution.
>
> 3. Appellant was convicted on evidence that was illegally
> seized in a warrantless search, denying his right of equal
> protection of law, and due process of law. United States
> Constitution Amendment(s) IV, V, VI, and XIV, and Ohio
> Constitution Article I Section(s) 2, 10, 14 and 16.
>
> 4. Appellant was deprived of his constitutional right of

effective assistance of trial counsel, has been deprived of his constitution[al] rights of due process of law and equal protection of law.  U.S.C.A. Constitutional Amendment(s) VI, XIV, and Article I Section 10 of the Ohio Constitution.

5.  Appellant was denied the right to confrontation as guaranteed by the Sixth Amendment of the United States Constitution when the State solicited testimonial hearsay through it['s] witness in violation of the United States Constitutional Amendment VI.

*Exhibit T to Return of Writ*.  The appellate court initially denied petitioner's application as untimely, *Exhibit CC to Return of Writ*, but later granted petitioner's motion for reconsideration and, on September 28, 2007, denied the Rule 26(B) application on the merits.  *Exhibits DD and EE to Return of Writ*.  Petitioner never filed an appeal of the appellate court's decision to the Ohio Supreme Court.

On July 21, 2006, petitioner filed a motion for a new trial in the state trial court.

Appellant's motion for new trial was based upon misconduct of the State, and newly discovered evidence. Appellant argues that the State failed to disclose in discovery documentary evidence consisting of a purported business record from America On Line (AOL) that appellant's AOL account had been closed on March 8, 2004. According to appellant he therefore could not have downloaded pornographic material after that date.

*See State v. King*, 2007 WL 2874042 (Ohio App. 5th Dist. September 28, 2007).  On January 9, 2007, the trial court denied the motion.  *Id.*  Petitioner filed a timely appeal, asserting as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR A NEW TRIAL THEREBY VIOLATING THE APPELLANT'S UNITED

7

STATES CONSTITUTION FOURTEENTH AMENDMENT, AND THE OHIO CONSTITUTION ARTICLE I, SECTION 10 RIGHTS."

*See id.* On September 28, 2007, the appellate court affirmed the trial court's judgment. *Id.* Petitioner apparently did not file any appeal.

On September 6, 2007,[1] petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Appellant's Fourteenth Amendment to the United States Constitution of Due Process of Law was violated.
>
> The State failed to offer sufficient evidence to prove beyond a reasonable doubt that petitioner was guilty of the crimes charged....
>
> 2. The Appellant's Sixth Amendment of the United States Constitution was violated.
>
> The State elicited hearsay testimony from its witnesses that violated petitioner's confrontation rights....
>
> 3. Petitioner's Sixth Amendment Constitution right was violated.
>
> Petitioner was denied his right to effective assistance of trial counsel....
>
> 4. The petitioner's Fifth and Fourteenth Amendment of the United States Constitution was violated.

---

[1] Petitioner initially filed his habeas corpus petition on July 21, 2006; however, on February 27, 2007, the Court dismissed the petition without prejudice as unexhausted. *See* Doc. Nos. 1, 10.

The trial court allowed testimony of petitioner's prior conviction and so called interview with police officer into evidence when it was inadmissible and highly prejudic[ial].

5.  Petitioner's Fourteenth Amendment of the United States Constitution was violated.

There was prosecutorial misconduct through petitioner's trial.

6.  Petitioner's Sixth and Fourteenth Amendments of the United States Constitution was violated.

The trial court erred and sentenced petitioner to maximum and consecutive sentences.

7.  Petitioner's Fourteenth Amendment of the United States Constitution was violated.

The trial court erred in classifying petitioner a sexual predator/habitual offender.

8.  The petitioner's Fourteenth Amendment of the United States Constitution was violated.

The petitioner's Fourteenth Amendment of the United States Constitution was violated.

9. The petitioner's Sixth Amendment right to the United States Constitution was violated.

Petitioner was deprived the effective assistance of appellate counsel.

10.  The petitioner's Fourth Amendment right of the United States Constitution was violated.

Petitioner was convicted with evidence that was illegally obtained in a warrantless search of closed containers.

It is the position of the respondent that all of petitioner's claims are procedurally defaulted.

Alternatively, respondent contends that petitioner's claims are without merit or not cognizable in federal habeas corpus review.

### PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.*

Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim nine, petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal issues of ineffective assistance of trial counsel; that his convictions were against the manifest weight of the evidence; that his sentence violated state law; that he was found guilty on acts that occurred before his wife "had internet access and after the last access date and the State had custody of the computer and disks;" that he was denied the right to confront witnesses; prosecutorial misconduct; and because appellate counsel failed to argue effectively on appeal. *See Petition,* at 26. All of the foregoing claims of ineffective assistance of appellate counsel, with the exception of petitioner's claim that his attorney was constitutionally inadequate for failing to raise on appeal a claim of ineffective assistance of trial counsel, are waived due to petitioner's failure to file a timely appeal of the appellate court's September 27, 2007, denial of his Rule 26(B) application to the Ohio Supreme Court. Petitioner may now no longer present such claims to the Ohio Supreme Court, as Ohio does not permit

11

delayed appeals in Rule 26(B) proceedings. Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(c). The state courts were never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been satisfied.

Petitioner nonetheless contends that he preserved claim nine for federal habeas corpus review because he raised an issue of ineffective assistance of appellate counsel in his first appeal to the Ohio Supreme Court, *see Traverse*; however, the sole issue of ineffective assistance of appellate counsel raised therein was one regarding counsel's failure to raise on appeal a claim of ineffective assistance of trial counsel. *See Exhibit I to Return of Writ*. Such claim, therefore, is the sole claim of ineffective assistance of appellate counsel he preserved for federal habeas corpus review. *See State v. Murnahan*, 63 Ohio St.3d 60 (1991).

In claim one petitioner asserts that the evidence was constitutionally insufficient to sustain his convictions. In claim four, petitioner asserts denial of a fair trial due to admission of evidence regarding his prior conviction and interview with police. These claims, being readily apparent from the face of the record, properly were raised on direct appeal; however, petitioner failed again to raise such claims on appeal to the Ohio Supreme Court. *See Exhibit I to Return of Writ*. Further, petitioner may now no longer do so, under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of

12

petitioner's procedural default.  This Court deems the first and second parts of *Maupin* to have been met.

In claim two, petitioner asserts that he was denied the right to confront witnesses by admission of hearsay testimony from Detective Ritchason and Agent Brown.  This claim, being readily apparent from the face of the record, should have been raised on direct appeal, but was not.  Again, petitioner may now no longer present such claim to the state courts under Ohio's doctrine of *res judicata*.  The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default.  The first and second parts of *Maupin* have been met.

In claim three, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to file a motion to suppress evidence obtained pursuant to an illegal warrantless search; failed properly to investigate; failed to have the trial judge removed as biased; failed to object to hearsay testimony by Detective Ritchason and Agent Brown; failed to object to off record hearings; failed to move for mistrial after off record hearings; failed to object to testimony regarding petitioner's prior conviction; failed to object or request continuance in regard to trial court's ruling on admission of evidence regarding petitioner's prior conviction; failed to object to amendment of the indictment; failed to request a defense expert; failed to object to violation of separation of witnesses rule; failed to object to finding of guilt on count five, which had been dismissed prior to trial; failed to object to jury instructions on petitioner's prior conviction; failed to object to jury instructions on elements of the offenses charged; failed to object to prosecutor reading

13

from grand jury indictment; failed to object to judicial fact finding used to justify sentence; failed to object to denial of rule 29 motion or appeal such denial; failed to cross examine the prosecutor's expert witness; failed to file a motion to suppress floppy disks; and failed to present exculpatory evidence that would have established someone other than petitioner or his spouse had gained access to his computer. *See Petition.* In claim five, petitioner asserts that he was denied a fair trial due to prosecutorial misconduct. In claim six, petitioner asserts that the trial court improperly sentenced him to 1 ½ years on count four when the jury never returned a guilty verdict on that charge. In claim seven, petitioner asserts that the trial court improperly failed to appoint an expert witness to evaluate petitioner to determine whether he was a sexual predator. In claim eight, petitioner asserts that he was denied a fair trial due to admission of evidence obtained illegally in a warrantless search; because the trial court went off the record twice, denied petitioner's Rule 29 motion, issued improper jury instructions, denied defendant's request for admission of evidence, i.e., a letter from the internet service provider, failed to sequester the jury, because the trial judge failed to recuse himself as biased, did not require separation of witnesses, permitted admission of petitioner's prior conviction, and limited cross examination by defense counsel. To the extent these claims are readily apparent from the face of the record, they should have been raised on direct appeal, but were not. *See Exhibit C to Return of Writ.*[2] To the extent such claims are not readily apparent from the

---

[2] Petitioner did assert that the trial court had erred in admitting testimony regarding his prior conviction and interview with police; however, he did not raise the ineffective assistance of trial counsel due to his attorney's failure to object to admission

face of the record and were properly raised in post conviction proceedings, petitioner failed

thereafter to timely appeal the appellate court's May 30, 2007, dismissal of his post

conviction appeal.   Petitioner likewise failed to timely appeal the appellate court's

September 28, 2007, decision affirming the trial court's dismissal of his motion for a new

trial to the Ohio Supreme Court.  As discussed, he may now no longer do so, as Ohio does

not permit delayed appeals in post conviction proceedings.  Ohio Supreme Court Rule of

Practice II Section 2(A)(4)(c).[3]  Again, the state courts were never given an opportunity to

_____

of such evidence.  *See Exhibit C to Return of Writ.*

[3] As noted by respondent, petitioner attempted to present his claim that he was convicted on evidence illegally seized in post conviction proceedings; however, the state appellate court refused to address the merits of the claim as barred under Ohio's doctrine of *res judicata*:

> Appellant, in his second assignment of error, maintains that he was deprived of due process and equal protection of the law when he was convicted based on evidence that was illegally obtained. Appellant argues that the initial search warrant executed on March 23, 2004 [FN1] "did not authorize the search for any images or communications that depict minors engaging in any sexual conduct contained in the computer and disks seized."

> FN1. Appellant maintains that a second search warrant was issued in December of 2004. At the hearing in this matter, the State indicated that the search warrant obtained in December of 2004 was never executed.

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus, approving and following *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have

15

enforce the procedural rule due to the nature of petitioner's procedural default. This Court

raised the issue on direct appeal." *State v. Reynolds,* 79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik* (Mar. 8, 2000), Lorain App. No. 98CA007279, 2000 WL 254908, unreported, at 1.

In the case *sub judice*, appellant's challenge to the March 2004 search warrant could have been raised on direct appeal. Appellant himself admitted at the March 6, 2006, hearing that he had both the March 23, 2004, and the December 2004 search warrants issued in this case prior to trial.

Furthermore, appellant was provided with copies of the two applications for a search warrant along with affidavits in support of the same prior to trial as part of discovery. In other words, prior to trial, appellant knew what items were sought by the warrants, knew what he was charged with and knew what evidence was going to be used by the State to prove those charges. See, for example, *State v. Scruggs,* Franklin App. No. 02AP-621, 2003-Ohio-2019, in which the court held that the doctrine of res judicata precluded a defendant from asserting claims, in a motion for relief from judgment, that the State had failed to provide a returned search warrant and inventory in discovery. The defendant, in *Scruggs,* argued that the information contained in the inventory could have been used to discredit a Detective's testimony at trial regarding what was found as a result of the warrant. After the trial court found that such issue was barred by the doctrine of *res judicata*, the appellant appealed. The Tenth District Court of Appeals, in *Scruggs,* affirmed the judgment of the trial court, holding that such issue could have been raised on direct appeal. The court, in so holding, noted that the defendant's trial counsel was aware that the search warrant had not been returned, but did not raise such issue before the trial court or on direct appeal. See also *State v. Johnson,* Cuyahoga App. No. 82632, 2003-Ohio-4954. The defendant, in *Johnson,* filed a post-conviction petition in which he challenged the validity of a search warrant executed at his home. The court held that the defendant's claim was barred by the doctrine of *res judicata* since "[a]ppellant submitted no evidence with his petition demonstrating why this claim could not have been raised on direct appeal." *Id.* at paragraph 34.

*State v. King, supra*, 2007 WL 1652011 (footnote omitted).

deems the first and second parts of the *Maupin* test to have been satisfied.

Petitioner contends that he properly presented some of the foregoing claims to the state courts by raising such claims in t he first instance on appeal to the Ohio Supreme Court. *See Traverse.* However, the Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below, and petitioner did not thereby preserve his claims for federal habeas corpus review. *See Mitts v. Bagley,* 2005 WL 2416929 (N.D.Ohio September 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir.1982)(citing *State v. Phillips,* 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971)).

This Court must decide whether the procedural rules at issue constitute an adequate and independent bases upon which to foreclose review of petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring claims one through five, eight and nine constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The requirement that all available claims be presented at the first opportunity and the time limitations for filing appeals in post conviction and Rule 26(B) proceedings serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in

17

numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra.*

Petitioner has waived his right to present claims one through five, portions of claims six and seven, claim eight and claim nine, with the exception of his claim of ineffective assistance of appellate counsel due to his attorney's failure to raise on appeal a claim of ineffective assistance of trial counsel. He can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to establish cause for his procedural defaults.

## CLAIMS SIX AND SEVEN

In claim six and seven, petitioner asserts, *inter alia*, that he was sentenced to maximum and consecutive terms and classified as a sexual predator and habitual offender in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). As noted by respondent, petitioner failed to present a *Blakely* issue to the state appellate court. After being re-sentenced, he argued on appeal solely that his sentence violated state and federal law because it was disproportionate to sentences imposed for similar crimes by other Ohio defendants. *See State v. King, supra*, 2006 WL 3614754. He raised this same claim in his subsequent appeal to the Ohio Supreme Court, along with other claims; however, he did not raise a claim that his sentence violated *Blakely. See Exhibit GG to Return of Writ.*

In order to exhaust available state remedies, a petitioner must first fairly present the

substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v.Harless*, 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983)(citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)(citing *Franklin v. Rose*, 811 F.2s 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard*, 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989). Petitioner has failed to establish cause and prejudice for his failure to raise the issue under *Blakely*.[4]

---

[4] The trial court re-sentenced petitioner on March 6, 2006, after the Ohio Supreme Court's February 27, 2006, decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(striking provisions of Ohio's sentencing statutes as unconstitutional under

Petitioner also asserts that the trial court sentenced him in contravention of O.R.C.

§2929.1.1(B).[5] This claim presents an issue of state law that is not appropriate for

_____

*Blakely*). Therefore, Ohio's sentencing statutes no longer required judicial fact finding
for the trial court's re-imposition of maximum consecutive terms.

[5] Petitioner raised the claim as a violation of state law, and the state appellate
court rejected the claim on the same basis:

> In Appellant's sole assignment of error, he argues that his sentence
> was inconsistent when compared to similar offenders. We disagree.

> In support of his argument, Appellant presents a list of cases in which
> defendants facing somewhat similar charges received different sentences.

> In *State v. Kingrey,* Delaware App. 04CAA04029, 2004-Ohio-4605, this Court
> analyzed the proportionality and consistency arguments concerning Ohio's
> sentencing statutes:

> "When reviewing a sentence imposed by the trial court, the applicable record
> to be examined by the appellate court includes the following: (1) the pre-
> sentence investigation report; (2) the trial court record in the case in which
> the sentence was imposed; and (3) any oral or written statements made to or
> by the court at the sentencing hearing at which the sentence was imposed.
> R.C. § 2953.08(F)(1) through (3). The sentence imposed, by the trial court,
> should be consistent with the overriding purposes of felony sentencing: 'to
> protect the public from future crime by the offender' and 'to punish the offender.'"

> R.C. § 2929.11(B) reads as follows:

> "(B) A sentence imposed for a felony shall be reasonably calculated to
> achieve the two overriding purposes of felony sentencing set forth in division
> (A) of this section, commensurate with and not demeaning to the seriousness
> of the offender's conduct and its impact upon the victim, and consistent with
> sentences imposed for similar crimes committed by similar offenders."

> The court in *State v. Ryan,* Hamilton App. No. C-020283, 2003-Ohio-1188,
> applied principles set forth in an article by Judge Burt Griffin and Professor
> Lewis Katz clarifying for appellate courts the basic principles for achieving
> the overriding purpose of felony sentencing as: (1) reasonableness, (2)
> proportionality, and (3) consistency. *Id.,* citing Griffin and Katz, Sentencing

20

Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 1, 12. See also, *State v. Georgakopoulos,* 8th Dist. No. 81934, 2003-Ohio-4341 at ¶ 18.

"In applying those principles, the court, citing Griffin and Katz, stated that '[t]he Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C. § 2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.' *Ryan, supra* at ¶ 10, (internal citations omitted).

Further, the analysis noted: "An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Absent such data, however, appellate courts can still compare similar cases for consistency in sentencing." *Id. State v. Georgakopoulos, supra,* at ¶ 19.

"Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. *State v. Gorgakopoulos, supra,* at ¶ 23. The Ninth District Court of Appeals has stated: '[i]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, *Id.* Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of "consistency," two defendants convicted of the same offense with a similar or identical history of recidivism could properly be

21

federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v.*

---

sentenced to different terms of imprisonment. Consequently, an Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was "inconsistent," that is, contrary to law within the meaning of R.C. § 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. § 2929.12, R.C. § 2929.13 and R.C. § 2929.14. These sections, along with R.C. § 2929.11, create consistency in sentencing." *State v. Quine,* Summit App. No. 20968, 2002-Ohio-6987 at ¶ 12-13.

As stated above, our role as an appellate court evaluating a sentence challenged for consistency is to determine "whether the sentence is so unusual as to be outside the mainstream of local judicial practice." *Id.* We decline "to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality." *State v. Vlahopoulos,* Cuyahoga App. No. 80427, 2002-Ohio-3244.

Our review of the record indicates that the trial court did not fail to consider the purposes and principles of R.C. § 2929.11 et seq., even though it imposed maximum sentences to be served consecutively. Appellant cannot show that his sentence is inconsistent with sentences imposed upon other criminals that committed similar crimes merely by presenting cases in which similar crimes received different sentences. Instead, our review centers around the particular facts and circumstances of the case to determine whether the trial court considered the proper factors and imposed a sentence that is not grossly inconsistent with those received by substantially similar offenders. Appellant's sentence passes that test.

*State v. King, supra*, 2006 WL 3614754 .

*Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition.  *Id.* (quoting *Machin v. Wainwright*, 748 F.2d 1431, 1433 (11th Cir. 1985)).  Only where the error resulted in the denial of fundamental fairness will habeas relief be granted.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

## CLAIM NINE

The sole allegation remaining for this Court's consideration is petitioner's claim that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim of ineffective assistance of trial counsel.  The Court presumes that petitioner asserts in these proceedings the same issues of ineffective assistance of counsel raised in his first appeal to the Ohio Supreme Court, i.e., appellate counsel's failure to raise the ineffective assistance of trial counsel due to his attorney's failure to object to hearsay testimony by Agent Brown,[6] and failure to object to testimony of eight other prosecution witnesses as "improperly received"; failure to object to "the additional sentencing

---

[6] Although petitioner additionally asserts in claim two, that he was denied his right to confront witnesses by admission of Detective Ritcherson's statement of petitioner's wife that it was her husband's account, *see Traverse*, at 61, petitioner did not raise this same issue in regard to his ineffective assistance of counsel claim in his first appeal to the Ohio Supreme Court, and therefore such issue will not be addressed here.

enhancement," failure to request the issuance of a limiting instruction on other acts evidence; failure to object to the use of petitioner's prior conviction; and failure to submit adequate argument on the Rule 29 motion. *See Exhibit I to Return of Writ.*

Petitioner's habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

However, because the state court's did not address the merits of petitioner's claim, arguably, this Court conducts a less deferential standard of review.

> There are three options: the deferential standard [or review] provided under § 2254(d); the de novo standard, and the "intermediate approach." *See Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (*de novo* ); *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000), *cert. denied*, 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001) (discussing alternate standards); *McKenzie v. Smith*,

> 326 F.3d 721, 726-27 (6th Cir. 2003), cert. denied, 540 U.S. 1158, 124 S.Ct. 1145, 157 L.Ed.2d 1057 (2004) (same); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005) (same). The gist of circuit precedent is that when there is a decision, deference is accorded under § 2254(d) to the state court decision under the "intermediate approach." *Maldonado v. Wilson*, 416 F .3d 470, 476 (6th Cir. 2005); *Howard*, 405 F.3d at 467. When there is no decision or "no results," federal review is *de novo*. *See Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542 (de novo when there was no state court decision on second prong of *Strickland* test). When the state court has failed to articulate a decision or provide a rationale, the district court must distinguish between a situation of "no results" from that of "no reasoning". *Howard v. Bouchard*, 405 F.3d at 467; *McKenzie*, 326 F.3d at 727. As illustrated in *McKenzie*, the "no reasoning" situation occurs when the state court has issued a summary order, which fails to explain its reasoning, as opposed to the situation where no state court has "directly addressed the specific issue." In the latter situation there are "no results" for the federal court to defer, and de novo review by the federal court is required. *See Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542; *McKenzie*, 326 F.3d at 727.

*Socha v. Wilson*, 447 F.Supp.2d 809, 819 (N.D. Ohio 2007).  Regardless, however, of which standard of review is employed, petitioner's claim fails.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

25

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Defendants appealing their criminal convictions enjoy the same Sixth Amendment right to the effective assistance of counsel on a direct appeal as of right that they have during trial. While appellate counsel is not expected to raise every nonfrivolous issue on direct appeal, counsel is obligated to provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). As with an ineffective assistance of trial counsel claim, a petitioner must demonstrate that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 696; *Sims v. Livesay*, 970

26

F.2d 1575, 1579-81 (6th Cir. 1992).

Petitioner's ineffective assistance of trial counsel claim as it relates to sentencing enhancements is moot. The state appellate court reversed petitioner's sentence and remanded the case to the trial court for re-sentencing. Therefore, any error by trial counsel in failing to object to petitioner's first sentence as improperly imposed is no longer at issue. Petitioner likewise therefore cannot establish the ineffective assistance of appellate counsel in this regard.

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to object to hearsay testimony by Agent Brown that the National Center for Missing and Exploited Children confirmed that 188 of the images downloaded from petitioner's computer were identified as children. *Transcript, Vol. II*, at 161; *Traverse*, at 62. He also asserts that he was denied the effective assistance of counsel because his attorney failed to object to testimony by eight prosecution witnesses as "improperly received." See *Exhibit I to Return of Writ*. However, petitioner does not further indicate, and this Court is unable to discern from the record, in what manner such witnesses testimony was improper. As to admission of testimony by Brown, even assuming, *arguendo*, such evidence violated the Confrontation Clause, in view of the brevity of the statement, and in light of other substantial evidence of guilt, petitioner cannot establish prejudice under *Strickland* from either trial counsel's failure to object, or appellate counsel's failure to raise the claim on direct appeal.

Petitioner asserts that he was denied the effective assistance of counsel because his

27

attorney failed to object to admission of his prior convictions and statements he made to

Detective Brocklehurst during the investigation of those charges.[7]  Petitioner also asserts

---

[7]  Brocklehurst testified in relevant part:

Q.  How are you acquainted with the Defendant?

A.  I originally investigated a case involving Mr. King in 1997....

[H]e was eventually charged with... pandering obscenity involving a juvenile and the use of a minor, and it included sexually oriented matter.

Q.  And was Mr. King convicted of that offense as a result of your investigation?

A.  Yes.  He was convicted on November 5th of 1997 of both of those charges.

***

Q.  During the course of your investigation did you have an opportunity to interview the Defendant concerning –

***

these allegations?

A.  Yes.

***

He admitted to me that on or about a hundred occasions he had received child pornography, and on 25 to 30 occasions he had sent child pornography out over the internet using America Online, AOL.

***

He admitted that he had a thing or an attraction to younger kids, that it turned him on, and that he enjoyed sending and receiving child pornography and talking about it.

the ineffective assistance of counsel because his attorney failed to object to the lack of a

limiting instruction to the jury on such evidence prior to deliberations.  However, contrary

to petitioner's allegation here, the record indicates that counsel objected to admission of the

evidence regarding his prior conviction, *Transcript,* at 308-314, although the trial court

overruled the objection.   Further, the state appellate court upheld that the trial court's

ruling:

> [W]e note the admission or exclusion of evidence lies within
> the sound discretion of the trial court. The trial court has broad
> discretion in determining the admissibility of evidence, and
> unless there is an abuse of discretion, the trial court's decision
> will not be disturbed. *State v. Robb,* 88 Ohio St.3d 59, 69, 723
> N.E.2d 1019, 2000-Ohio-275, quoting *State v. Sage* (1987), 31
> Ohio St.3d 173, 510 N.E.2d 343. In order to find an abuse of
> discretion, the plaintiff bears the burden of demonstrating the
> trial court's decision was unreasonable, arbitrary or
> unconscionable and not merely an error of law or judgment.
> *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
>
> Ohio Evidence Rule 404(B) outlines the admission of other acts
> evidence:
>
> "(B) Other crimes, wrongs or acts

---

\*\*\*

He went to great lengths to tell me how you download photographs and
files that you receive, how you download them and save them either on
disk or in the computer, and how to put those or sent those out again.
He... indicated that it was stupid and he was dumb for not deleting those
files.

*Transcript,* at 318-320.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In *State v. Adkins* (July 24, 2002), Morrow Appellate No. CA-906, this Court affirmed a trial court decision allowing evidence of other acts of sexual abuse to demonstrate a "unique identifiable plan of criminal activity," ruling the evidence is "probative of a common scheme, plan, intent or a modus operandi."

In the case *sub judice*, the identity of the sender of the emails with the attachments, as well as the identity of who received and deleted the pictures, was in question. We find the trial court did not abuse its discretion in allowing the evidence of appellant's prior conviction to demonstrate identity through use of a common scheme, plan or modus operandi.

We note the trial court properly offered a limiting instruction with regard to the evidence:

"Ladies and gentlemen, you have just received information in what is called other acts or prior conviction. Evidence which was received about the commission of a crime-crimes and wrongs of acts, other than the offenses with which the Defendant is charged with in this trial. That evidence was received only for a limited purpose. It was not received, and you may not consider it, to prove the character of the Defendant in order to show that he acted in conformity with that character.

"If you find that the evidence of other crimes and wrongs is true and that the Defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the absence of mistake or accident, the

30

> Defendant's motive, opportunity, intent or purpose, preparation or plan to commit the offense charged in this case, knowledge of circumstances surrounding-surrounding the offense charged in this trial, or the identity of the person who committed the offense in this trial. That evidence cannot be considered for any other purpose."

> Tr. at p. 323-324.

> Appellant did not object to the trial courts failure to regive the limiting instruction before the jury retired to consider its verdict. Accordingly, appellant waived any objection with regard to the failure to do so. The trial court offered the limiting instruction immediately after the evidence was presented. It was not plain error not to repeat the instruction prior to the jury's deliberation.

*State v. King, supra,* 2006 WL 163561.  Therefore, petitioner cannot establish the ineffective assistance of trial or appellate counsel on this basis.  Additionally, in view of the limiting instruction issued to the jury immediately after submission of the evidence at issue, the petitioner cannot establish prejudice from his attorney's failure to object to the lack of an additional limiting instruction prior to jury deliberations.  He likewise cannot establish the ineffective assistance of appellate counsel for failing to raise the issue on appeal.

Finally, petitioner asserts that his attorney failed to adequately argue his Rule 29 motion for judgment of acquittal at the close of the prosecutions case.  Upon review of the record, this Court does not agree.  *See Transcript*, at 325-328.  The fact that the trial court overruled defense counsel's motion does not indicate that counsel performed in a constitutionally inadequate manner.  Likewise, petitioner cannot establish the ineffective

assistance of counsel due to his attorney's failure to raise this issue on appeal.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


s/Mark R. Abel
United States Magistrate Judge