IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD KING,**　　　　　　　　　　**CASE NO. 2:06-cv-621**
　　　　　　　　　　　　　　　　　　　　**JUDGE FROST**
　　　**Petitioner,**　　　　　　　　　**MAGISTRATE JUDGE ABEL**

v.

**JEFFREY WOLFE, WARDEN,**

　　　**Respondent.**

## OPINION AND ORDER

On June 11, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner again argues that he fairly presented all of his claims to the state courts by raising such claims in the first instance with the Ohio Supreme Court. Additionally, as cause for his procedural defaults, petitioner asserts that he was unable to raise all of his claims in the state courts because state appellate rules limited the page numbers and font size of his appellate brief and memorandum in support of jurisdiction. Finally, petitioner asserts that he is actually innocent of the charges against him such that this Court should address the merits of his claims regardless of any procedural default.

Pursuant to 28 U.S.C. 626(b)(1) this Court has conducted a *de novo* review of the *Report and Recommendation.* Upon review of the entire record, none of petitioner's objections are well taken.

Petitioner's claims are waived because he failed to file an appeal of the appellate court's denial of his application to reopen the appeal under Ohio Appellate Rule 26(B) or the dismissal of his post conviction and motion for new trial appeal. Additionally, petitioner failed to present his claim under *Blakely v. Washington*, 542 U.S. 296 (2004), to the state courts as a federal constitutional issue in his re-sentencing appeal, and failed entirely to present other claims to the state appellate court or to the Ohio Supreme Court. Thus, and contrary to petitioner's allegation here, neither the Ohio Supreme Court's rules limiting the page numbers and font size of a memorandum in support of jurisdiction or appellate rules on page limitations prevented petitioner from presenting his federal claims to the state courts.[1] Further, as noted by the Magistrate Judge, the Ohio Supreme Court does not ordinarily consider claims not first raised in the appellate court below, *see Mitts v. Bagley*, 2005 WL 2416929 (N.D. Ohio September 29, 2005), citing *Fornash v. Marshall*, 686

---

[1] Ohio Appellate Rule 19 provides in relevant part:

Without prior leave of court, no initial brief of appellant or cross-appellant and no answer brief of appellee or cross-appellee shall exceed thirty-five pages in length, and no reply brief shall exceed fifteen pages in length, exclusive of the table of contents, table of cases, statutes and other authorities cited, and appendices, if any. A court of appeals, by local rule, may adopt shorter or longer page limitations.

Petitioner's appellate brief was 27 pages in length. *Exhibit C to Return of Writ.*

F.2d 1179, 85 n.7 (6th Cir. 1982), and petitioner would not have preserved for federal habeas corpus review claims raised in the first instance in the Ohio Supreme Court, particularly trial claims first raised in petitioner's re-sentencing appeal. Lastly, the record simply fails to reflect that petitioner is actually innocent of the charges against him so as to warrant a merits review of his procedurally defaulted claims.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." FN5 *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 295 F.3d 577, 589-90 (6th Cir. 2005). Petitioner has failed to meet this standard here.

For all of the foregoing reasons, and for the reasons detailed in the Magistrate

3

Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

    **IT IS SO ORDERED**.

                                                    /s/ Gregory L. Frost
                                                 GREGORY L. FROST
                                                 United States District Judge